CARSON MILLER, as Administrator of the Estate of WILLIAM J. MILLER, Deceased, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

CONTRIBUTORY NEGLIGENCE — ACTION TO RECOVER FOR DEATH OF BOY KILLED BY TROLLEY CAR — ERRONEOUS CHARGE BASED ON INFERENCE NOT SUPPORTED BY THE EVIDENCE. Where, in an action against a street surface railroad company for the death of a boy, fourteen years of age, killed at a street crossing by one of defendant's cars, the trial court charged in substance that, if the deceased ran in front of the car in a sudden effort to save his little brother from danger caused by the negligence of defendant's employees operating the car, he would not be chargeable with contributory negligence merely because he ran into danger himself, if his placing himself in danger was due to the necessity of suddenly deciding what to do to protect the life of another in an emergency which arose from the negligence of defendant's employees, such charge constitutes reversible error, where the most that can be inferred from the scanty testimony on the subject is that the deceased, when he found that both he and his little brother were in a position of danger, sacrificed his own safety to save his brother, and hence an inference that the deceased was drawn into a position of danger by the attempt to save his brother is not justified by the evidence.

*Miller* v. *Union Ry. Co.*, 120 App. Div. 876, reversed.

(Argued January 14, 1908; decided January 28, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 18, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Bayard H. Ames* and *Henry A. Robinson* for appellant. The judgment should be reversed on account of the erroneous instruction of the learned trial justice to the jury on the question of contributory negligence, if the intestate was injured by reason of having pushed his brother Henry out of danger. (*Lamkin* v. *Palmer*, 164 N. Y. 201; *Toohey* v. *I. S. Ry. Co.*, 102 App. Div. 296; *Carr* v. *M. U. Ice Co.*, 91 App. Div. 162; *Sciurba* v. *M. S. Ry. Co.*, 73 App. Div. 170; *Csatlos* v. *M. S. Ry. Co.*, 70 App. Div. 607.)

*Lyman E. Warren* for respondent. The criticisms of the charge of the court are unfounded. (*Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502.)

CULLEN, Ch. J. The action is brought to recover damages for the death of the plaintiff's intestate, a boy, who was struck and killed by a trolley car on the defendant's railroad. The accident occurred on a Sunday morning, in the borough of the Bronx, at the intersection of Jefferson street and Morris Park avenue, in which latter street the defendant operated its railroad. The deceased with his brothers and a boy named Roberts had been attending Sunday school and were on their way home. The deceased was in his fourteenth year. The other children were younger, Henry being four or five years of age. Their course to and from the Sunday school required them to cross Morris Park avenue and the railroad therein. As they sought to cross the railroad a car approached the crossing. There is great discrepancy in the testimony as to the speed at which the car was running and as to its distance from the boys when they sought to cross. The deceased, with the little boy Henry, was the last to cross. All but the deceased crossed the track in safety. He was struck by the car and killed.

There is but one question in the case that needs discussion in this court and that is presented by the charge of the trial court. After dealing entirely accurately with the general questions of the negligence of the defendant and the freedom from negligence or care on the part of the deceased, he thus charged the jury: "So, too, as I have said, you are about to decide whether this boy in any way helped to bring about the accident by negligence of his own in the manner in which he came upon the track and into this danger which cost him his life. Upon this question of the boy's use of care, however, there is still another point to which I desire to call your attention. This boy Willie accompanied his younger brother Henry, and it is testified that he pushed Henry from in front of the car just as he himself was struck. If you find that Willie came in front of the car in the course of a sudden effort to save this smaller boy from danger caused by negligence on the part of the defendant, he would not necessarily be chargeable with negligence merely because he ran into danger himself, if his placing himself in danger was due to the necessity of his suddenly deciding what to do to protect the life of another in that emergency, which arose from negligence on the part of the defendant's servants in charge of this car. But you are to remember that this rule would apply only where the emergency arose solely from the negligence of the defendant's servants charged with the operation and management of this car, and the danger was not in part brought about from some lack of reasonable care on the part of the deceased himself which led to the making of the dangerous situation. So, if this boy Willie, by his own negligence, contributed to bring about this dangerous situation or this situation which put his brother in peril, the fact that he may then have suddenly attempted to save his brother would not absolve him from contributory negligence." To this part of the charge the defendant's counsel excepted, as stated by him, not because he questioned the correctness of the law as charged, but he questioned the application of it to the case. The learned counsel for the appellant criticises this instruction

as omitting the qualification that the action of the deceased must have been compatible with a reasonable regard for his own safety (*Eckert* v. *Long Island R. R. Co.*, 43 N. Y. 502); that is to say, that while for the purpose of saving human life or limb a person is justified in voluntarily taking risks or hazards which, except for the object to be attained, would plainly stamp his conduct as negligent, still, even for so noble a purpose, he cannot rashly or recklessly disregard all consideration of his own personal safety. The counsel is right as to the rule of law, and had the defendant asked any instruction on the subject, it doubtless would have been given. So far from doing that, the defendant accepted the charge of the trial court as being a correct exposition of the law, and it is now too late to question it.

The question, however, remains whether there was any evidence in the case which would have justified the jury in finding that the deceased ran in front of the car in an effort to save his little brother. In the part of the charge already quoted the learned trial judge correctly said : " So, if this boy Willie, by his own negligence, contributed to bring about this dangerous situation, or this situation which put his brother in peril, the fact that he may then have suddenly attempted to save his brother would not absolve him from contributory negligence." There is no testimony in the record to show that the boy Henry broke away from the deceased and ran or walked upon the track in advance of him. On the contrary, they seem to have gone on the track together. The only evidence to show that the deceased was killed while trying to save his brother is of the following character. One of the boys testified : " Willie (the deceased) ran : he ran faster than any one. First, Hennie quick, and then Hennie got pushed across." Another boy said : " My brother Willie pushed Hennie over the track. * * * At that time Willie was about four feet behind me, and Willie had Henry with him. I told you that Willie pushed Henry across the track, and when I turned around he was immediately struck by the car." The most that can be inferred from this testimony is that the

deceased, when he found that both he and his little brother
were in a position of danger, sacrificed his own safety to save
his brother, but it justifies no inference that the deceased was
drawn into a position of danger by the attempt to save his
brother. The case, therefore, presented no such issue as was
submitted to the jury by the trial court, and the exception of
the defendant was well taken.

The judgments of the Appellate Division and Trial Term
should be reversed and a new trial granted; costs to abide the
event.

GRAY, HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE,
JJ., concur; WERNER, J., absent.

Judgments reversed, etc.