[Civ. No. 2235. Fourth Appellate District.—April 28, 1939.]

MARY PETERSEN et al., Appellants, v. LANG TRANS-
PORTATION COMPANY (a Corporation), Respondent.

Claflin, Dorsey & Campbell for Appellants.

Borton, Petrini & Conron, Joe Crider, Jr., and John J. Ford for Respondent.

BARNARD, P. J.—This action was brought by the surviving wife and son of one I. J. Petersen to recover damages for his death. A jury returned a verdict in favor of the defendant and the plaintiffs have appealed from the judgment.

The general circumstances out of which the action arose are as follows: Between 8:30 and 9 o'clock on the night of December 23, 1936, a loaded truck and trailer, owned by the respondent, was being driven in a northerly direction down the Grapevine grade on U. S. Highway 99 when a series of accidents occurred near the bottom or north end of this grade. At the point in question the road sloped to the north and consisted of a three-lane paved highway, with shoulders which extended on either side to a white guard rail. The

truck and trailer, weighing 34,000 pounds each, were being driven by one Bridwell, an employee of respondent, on the easterly lane at a speed of about twelve miles an hour, both vehicles being fully equipped with lights which were burning.

As the truck was thus proceeding, a Plymouth automobile, containing a man and a woman, approached from the south and crashed into the rear end of the trailer. The driver of the truck heard the impact and immediately applied his air brakes, which failed to work. He stopped the truck by the use of other brakes, and, taking a flashlight, ran back to see what had happened. He discovered that the trailer had become detached from the truck and was standing on the east lane of the highway, about 200 feet to the rear of the truck. The crash had broken the connecting rod between the truck and trailer and had also broken the air brake connection between the two, the effect of which was to lock the brakes on the trailer and to make unworkable the air brake on the truck. The man and woman in the Plymouth car were killed, although the man lived for some little time. The Plymouth car was so badly damaged that people who came up were unable to open its doors in order to get the man out.

Just as the driver of the truck arrived at the wrecked Plymouth he saw another automobile approaching from the south and traveling in the same or easterly lane. He flagged this car with his flashlight and the driver thereof stopped. The driver of this car was Petersen, the deceased, who was accompanied by his wife, one of the appellants here. When they stopped, Bridwell told them "a couple of people ran into the back of my outfit" and asked them to get out and help. Mr. Petersen parked his car on the easterly shoulder, next to the guard rail, and he and his wife got out. Bridwell asked Mr. Petersen to use the flashlight to stop approaching cars while he went to get his flares out. At Bridwell's suggestion Petersen stood in the center of the east lane, some fifteen or eighteen feet south of the wrecked Plymouth, and waved the flashlight to warn cars approaching from the south. Shortly thereafter, another car, driven by one Painter, approached from the south on the east lane of traffic. As this car approached the scene of the previous wreck it swerved to the west into the center lane, swerved suddenly back into the east lane, where it struck and killed Petersen, and then swerved to the west again, where it struck and killed another man, and then

proceeded some distance where it finally landed astride of a fence.

Appellants' first contention is that the court erred in refusing to give the following instruction, requested by them:

"The Court instructs the jury that if you find from the preponderance of the evidence that the defendant Lang Transportation Company, a corporation, was negligent in the operation, management and parking or caring for a disabled commercial vehicle at the time and place mentioned in the complaint in this action, and such negligence, if any, imperiled human life, and you find from the evidence that the acts, if any, of the deceased, I. J. Petersen, were reasonably necessary for the safety of human life, and you further find that the said deceased, voluntarily or otherwise left a place of safety and incurred danger, if any, and you further find that said deceased, Petersen, did not act with a recklessness which would not be warranted under the circumstances in the judgment of a prudent man, then you must find that the deceased was not contributorily negligent."

It was and is appellants' theory that the respondent was guilty of negligence; that this negligence imperiled human life, both with respect to the unconscious man in the wrecked Plymouth and persons coming down this grade in other cars, who would naturally travel in the easterly lane; and that, in leaving a place of safety and assuming a dangerous position in an effort to save lives by stopping oncoming cars, Petersen came within the principles and rules of law set forth in this instruction. Although the court gave general instructions covering contributory negligence, the rules of law set forth in the rejected instruction were not covered in any other instruction.

The respondent contends that this instruction was properly refused for the reason that there was no evidence which would have supported a finding of negligence on the part of the respondent and that, therefore, the question of contributory negligence on the part of Petersen is immaterial. There is no evidence in the record which would support a finding of negligence on the part of the respondent in so far as the first collision is concerned, when the Plymouth car crashed into the trailer and caused that vehicle to stop upon the highway. At the time in question section 590 of the California Vehicle Code required that flares or warning lights of

a certain type should be immediately placed approximately 200 feet in advance of and to the rear of a disabled commercial vehicle standing on the highway. The respondent contends that the evidence shows that there was no violation of this section, since the truck driver testified that when the impact occurred he stopped as soon as possible, went back to see what had happened, stopped the Petersen car, gave his flashlight to Mr. Petersen and requested him to stop approaching cars, ran back to the truck to get his flares, got them and while he was running back toward the trailer saw the Painter car approaching, and that before he could reach the rear of his trailer the Painter car struck Petersen.

If this testimony is accepted there was no negligence on the part of the respondent. However, Mrs. Petersen testified that after she got out of their car she went back to where her husband and Bridwell were standing, about fifteen feet to the rear of the wrecked Plymouth; that Bridwell gave her husband a flashlight and told him to keep it waving; that Bridwell left and her husband stayed there "quite a few minutes"; that Bridwell then came back and said the man in the wrecked car was alive, asked her to take the flashlight, and showed her where to stand and how to wave it; that Bridwell and her husband then went back toward the wreck where they remained for about ten minutes, after which they came back and Bridwell took the flashlight from her and gave it to her husband again; that after Bridwell left she went down and looked into the wrecked Plymouth; that she stayed there four or five minutes during which time other people were trying to force open the door of that car; that she then returned to where her husband was standing with the flashlight; and that she then saw the Painter car come around a bend in the road and rapidly approach. She testified that no flares were put out prior to the time her husband was struck and a traffic officer testified that there were no flares out when he arrived at 9:10. If the testimony of Mrs. Petersen is believed considerable time elapsed between the first collision and the injury to Petersen, during which time the truck driver busied himself with a number of things other than putting out the flares. The question of whether or not he was guilty of negligence in this respect was one of fact for the jury.

Since it cannot be told whether the verdict of the jury was based upon a finding that the truck driver was not negligent, or upon a finding that although he was negligent Mr. Petersen was also negligent, the matter of adequate instructions is important here. In *Henshaw* v. *Belyea*, 220 Cal. 458 [31 Pac. (2d) 348], the court approved the general rule followed in many jurisdictions to the effect that where the negligence of a defendant has imperiled human life, a person who takes such steps as are reasonably necessary to rescue or protect those imperiled is not contributorily negligent in voluntarily leaving a place of safety and incurring danger if he does not act with a recklessness which would not be warranted, under the circumstances, in the judgment of a prudent man. The court pointed out that this principle is recognized and applied in all such cases where the question of the defendant's negligence is properly one for the jury, and then said: "The foregoing authorities also establish that in such cases it is for the jury to say whether the plaintiff has acted with prudence under the circumstances or has conducted himself in so reckless a manner as to defeat the right of recovery."

In the instant case there can be no question that human life was imperiled by the condition then existing at the point in question. Since the question of respondent's negligence was one for the jury it was also for the jury to say whether Mr. Petersen acted with prudence, under the circumstances, or whether he acted in a reckless manner in attempting to warn and stop approaching traffic. It seems quite clear that the rule in question is quite different from the ordinary rules of contributory negligence with respect to the degree of care required of the acting party. In the ordinary case any negligence, no matter how slight, will defeat recovery but in this exceptional case such negligence must amount to rashness or recklessness. As was said in *Eckert* v. *Long Island R. R. Co.*, 43 N. Y. 502 [3 Am. Rep. 721]: "The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons." Although the appellants tried their case upon this theory and requested such an instruction, and although there was evidence calling for the submission of such an issue to the jury, no such instruction was given. On the other

hand, the court gave the usual instructions on contributory negligence, including one which told the jury that if it found that "Mr. Petersen was guilty of some negligence which proximately contributed to the death of Mr. Petersen, in any degree, no matter how slight", its verdict must be in favor of the respondent. We think the error in failing to instruct the jury along the line requested by the appellants was prejudicial to their rights.

It is next contended that the court erred in permitting the respondent, over the objection of the appellants, to read into evidence a part of the deposition of Painter which had been taken before the trial. The deposition was taken by the appellants, but was not used by them at the trial. The respondent was allowed to read not only the direct testimony in the deposition but a portion of the cross-examination in which Painter admitted that he had been convicted of a felony, and further, that he had suffered a conviction for negligent homicide for killing two people on the highway on the occasion here in question, and another for leaving the scene of the accident. ▮ The respondent contends that it had a right to read this part of the deposition because section 2022 of the Code of Civil Procedure provides that a deposition may be read in evidence by either party to an action. While the code so provides, any part of a deposition is subject to proper objections thereto, unless such objections have been waived. ▮ Painter was not a witness at the trial and there was no occasion to impeach him. Assuming, but not holding, that the respondent had a right to read his direct testimony and sufficient of his cross-examination to show that he had been convicted of a felony, it had no right to get evidence of further facts into the record in this indirect manner which would have been inadmissible if directly presented. The purpose of reading this portion of the deposition must have been to impress upon the jury that Painter was entirely responsible for the death of Petersen and it may have had that effect. In any event, the admission of the evidence was error (sec. 755 of the Vehicle Code), which may have been prejudicial in view of the close questions of fact which were to be determined.

▮ Appellants' final contention is that the court erred in giving another instruction upon the subject of prior and re-

mote cause. It is argued that this instruction omitted two elements which should have been included. The instruction in question merely stated the distinction between a cause and a condition. Other instructions properly covered the matters referred to by appellants and no error appears.

For the reasons given the judgment is reversed.

Marks, J., and Griffin, J., concurred.

A petition by respondent for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 26, 1939. Curtis, J., voted for a hearing.