[Civ. No. 18579.  Second Dist., Div. Three.  Jan. 4, 1952.]

DANIEL B. HYMES, Respondent, v. CORNA POLLOCK et al., Appellants.

C. Oscar Kalenius for Appellants.

Arthur C. Fisher for Respondent.

WOOD (Parker), J.—Plaintiff recovered judgment against defendants Pollock and Story, in a nonjury trial, for damages for personal injuries. Defendants appeal.

It seems that appellants' contention is that plaintiff was guilty of contributory negligence.

San Fernando Road, at the scene of the accident, is paved, is 60 feet wide, and has four marked traffic lanes—two for southbound traffic and two for northbound traffic. Plaintiff was driving his automobile south on that highway near the town of Roscoe about 11 o'clock at night, and he saw an automobile, without any light on it, which was parked in an east-west direction on the west half of the traveled portion of the highway, thereby blocking portions of the two southbound traffic lanes. The front of the automobile was about 10 feet from the west curb and the back of it was about 4 feet from the double line in the center of the highway. Plaintiff passed the parked automobile by driving on the left or east side of the highway. Then he stopped his automobile about 80 feet beyond the said parked automobile. He testified that it appeared to him that something was wrong since the automobile was parked in such a manner at that hour; and that he started to walk toward the automobile to see what was wrong. He walked north along the west side of the highway until he was about 20 feet from the parked automobile, and then he started to walk on the highway. As he approached the automobile he saw three persons sitting in the front seat. Two of those persons were defendants Story and Pollock. When plaintiff was about 5 feet from the automobile, another automobile which was traveling south on San Fernando Road struck the parked automobile and knocked it against him, rendered him unconscious, broke his leg, and inflicted other injuries. After the collision, the parked automobile was about 20 feet south of the place where it was when it was struck. Defendant Story, who had parked the automobile on the highway, was intoxicated. The automobile was owned by defendant Pollock.

Appellants argue to the effect that plaintiff observed the

538

danger, drove around the parked automobile, and then negligently placed himself in a position of peril by returning to the parked automobile when he was under no duty to go there. ■ "[W]here the negligence of a defendant has imperiled human life, a person who takes such steps as are reasonably necessary to rescue or protect those imperiled is not contributorily negligent in voluntarily leaving a place of safety and incurring danger if he does not act with a recklessness which would not be warranted, under the circumstances, in the judgment of a prudent man." (*Petersen* v. *Lang Transp. Co.*, 32 Cal.App.2d 462, 467 [90 P.2d 94].) In *Henshaw* v. *Belyea*, 220 Cal. 458, the court said at page 462 [31 P.2d 348]: " 'The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons.' " ■ Appellant herein was not negligent as a matter of law. It was a question of fact for the trial judge as to whether plaintiff was contributively negligent. The evidence amply supports the express and implied findings of the court. The appeal has no merit.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.