[Civ. No. 6075. Fourth Dist. July 7, 1960.]

JOHN F. BILYEU, Respondent, v. STANDARD FREIGHT LINES (a Corporation) et al., Appellants.

*Assigned by Chairman of Judicial Council.

Stutsman & Nagel and Gerald W. Stutsman for Appellants.

Oren, McCartney, Sells & Edman for Respondent.

COUGHLIN, J.—This appeal involves an attack upon the sufficiency of the evidence to sustain the judgment. The case was tried by the court without a jury. The facts will be stated in accord with the governing rule on appeal which assumes that the trial court resolved all conflicts and drew all reasonable inferences in favor of the plaintiff. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *Richter* v. *Walker*, 36 Cal.2d 634, 640 [226 P.2d 593].)

On the night of December 2, 1957, at about 11:15 o'clock, the defendant Sousamian, as an employee of the defendant Standard Freight Lines, while driving a tractor-trailer combination, consisting of a truck-tractor, semitrailer and trailer, south on United States Highway 99 near Selma, California, was involved in an accident.

At the place in question the highway is divided and consists of four lanes, two for northbound traffic and two for southbound traffic; a center dividing strip 18 feet wide; together with shoulders on the inner and outer edges of both the north and southbound lanes. The shoulder on the outer edge of the southbound lane is 7 feet in width.

Sousamian was asleep as he approached a curve in this highway. His truck drifted across the inside southbound lane and started into the dividing strip. He awakened; pulled his truck back onto the highway; and upset the trailer. The trailer was loaded with three rolls of steel which flipped out; one of them went across the dividing strip where it uncoiled in the northbound lanes; the other two landed on the southbound lanes but did not unwind. Of these two rolls, one was partly on the two southbound lanes and the other was partly on the outside southbound lane and its adjoining shoulder. Each roll gave the appearance of a barrel; was dark in color; nonreflective; about 4 feet in height and 3½ to 4 feet in diameter; and weighed 8,000 pounds.

It is admitted that Sousamian was negligent in the premises.

Immediately after the accident a truck to the rear of defendant's equipment stopped; another truck veered to the left and passed all of the vehicles. The driver of the stopped truck turned on his signal lights; directed his spotlight on the steel that was unwound in the northbound lanes; grabbed some flares and ran back up the highway placing them.

The traffic officers, whose tour of duty was to end at midnight, arrived on the scene at 11:20. One of them placed additional flares in the southbound lanes. At the time of their arrival traffic was then being routed around the rolls of steel in the highway. Simultaneously another traffic officer arrived. He, too, was to go off duty at midnight.

Thereafter the steel was removed from the northbound lane by means of a truck and chain. Traffic on the southbound lanes was being channeled around the obstruction there present, but it was necessary that passing vehicles drive with their left wheels on the inside shoulder in order to clear. During this time the traffic was continuous and truck traffic was heavy. The squeal of brakes was heard four or five times from vehicles approaching on the southbound lanes. Two of the officers testified that they had formed an opinion that the presence of the steel on the highway was a hazard. Because of the curve, southbound traffic was not visible until it came within 150 feet of the obstruction in the highway.

The plaintiff Bilyeu, who also was a highway patrolman, together with his partner arrived at the scene of the accident shortly after midnight. Approaching the scene they saw the flares, but did not see the rolls of steel until their car came to a stop.

Bilyeu, as the senior officer present, took charge; directed Sousamian to remove his trailer from the highway; was told that the steel in the northbound lanes had been removed; and also was told that a tow truck had been summoned to remove the steel in the southbound lane although no such truck ever was observed at the scene of the accident.

On entering the curve in this highway, southbound motorists frequently changed from the inside to the outside lane. Previously the plaintiff had investigated several accidents at this scene. One such involved a driver who had lost control of his car on the curve; struck a tree; and was killed.

Bilyeu decided to remove the steel rolls from the southbound lanes forthwith by rolling them off the highway. Thereupon, he and several other persons proceeded to remove the steel in this manner. One of the rolls had telescoped, and a loose end thereof would snap up as each revolution was made. Bilyeu held the end of the loose flap; and, eventually, "by lifting and pushing and turning a little bit," the steel was rolled off of the main-travelled portion of the highway onto the shoulder. During this time the three officers first arriving remained at the scene. About 30 to 45 minutes later, Bilyeu felt a pain in his back. About two hours after that he was

unable to sit still; went to the hospital; received some codeine; but continued on the job. At the end of his shift on the second day he saw a doctor; had X-rays taken; and was told that he had a broken neck. The strain of lifting had caused muscle sprain and cartilage damage. He was hospitalized; underwent major surgery; lost work; and was retired for disability reasons at the age of 33 years.

The court found in favor of the plaintiff and from the judgment entered accordingly the defendants Sousamian and Standard Freight Lines appeal, contending that the evidence is insufficient to sustain the judgment because, (1) Sousamian's duty to exercise ordinary care did not extend to the plaintiff; (2) Sousamian's admitted negligent conduct was not a proximate cause of the injuries sustained by plaintiff; and (3) the defenses of contributory negligence and assumption of risk were established as a matter of law.

The contentions that the duty of the defendant driver to exercise due care did not extend to the plaintiff under the circumstances and that the admitted negligence of the driver was not a proximate cause of the accident present similar issues. Each, in a measure, involves the application of the concept of reasonable foreseeability.

With respect to the matter of duty, the defendants rely upon the statement of the rule contained in 38 American Jurisprudence 669, that ''. . . The risk reasonably to be perceived defines the duty to be obeyed: It is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise care.'' and cite *Richards* v. *Stanley,* 43 Cal.2d 60, 63 [271 P.2d 23], in support of their position. However, the rule as stated supports the conclusion of the trial court that the law imposed upon the defendant driver the duty to exercise ordinary care in the operation of his truck so as to avoid injury to others which might proximately result from his failure to do so, and that, under the evidence in this case, the plaintiff was one of the persons who was the object of that duty. The case at bar does not involve an application of the rule stated in *Richards* v. *Stanley,* 43 Cal.2d 60, 65 [271 P.2d 23], that

''. . . in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another.''

The defendants claim that the plaintiff harmed himself and that the rule as stated covers such a situation. Had

the plaintiff collided with the rolls of steel while driving along the highway the existence of Sousamian's duty in the premises would not be questioned. The fact that the plaintiff's injuries followed his act of removing the rolls of steel from the highway instead of his act of driving his automobile into one of those rolls of steel is not controlling. In either instance the injuries followed a subsequent act of the person injured. The rule relied upon is concerned only with the duty to protect against the act of a third person. Nor is the scope of the duty in question confined to persons using the highway but extends, also, to persons who must clear the highway of the hazard created by the driver's negligence. The need for such activity is a foreseeable consequence of conduct creating an obstruction in the highway. It is not the particular act which caused plaintiff's injury that is the subject of the foreseeability test to determine the existence of the duty to exercise care, but the activity of which that act may be a part. Even though the defendant driver, as a reasonable person, may not have been required to foresee that the plaintiff would assist in removing the steel rolls in the manner adopted by him, nevertheless, the defendant, as a reasonable person, should have foreseen that the obstruction created by his negligent conduct would have to be removed, and that the plaintiff, as an officer of the Highway Patrol, would participate in effecting such removal.

Many of the circumstances involved in a consideration of the foreseeability of an occurrence which will determine the existence of a duty to exercise due care toward a particular person may, as in the instant case, be equally pertinent in considering the test of foreseeability of an injury to determine whether a precedent act of negligence proximately caused that injury. The defendants contend that the truck driver's negligence was not a proximate cause of plaintiff's injuries because the latter's conduct was an efficient intervening cause. The test of foreseeability is applied to determine the legal effect of an intervening act on the chain of causation.

██ ''Where the intervening act is reasonably foreseeable, the chain of causation is not broken, and the original actor remains liable.'' (*Eads* v. *Marks*, 39 Cal.2d 807, 812 [249 P.2d 257]; *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 218 [157 P.2d 372, 158 A.L.R. 872]; *Stasulat* v. *Pacific Gas & Elec. Co.*, 8 Cal.2d 631, 637 [67 P.2d 678].)

 The fact that the person injured, rather than a third person, motivates the intervening act does not make it an

efficient intervening cause. (*Haverstick* v. *Southern Pac. Co.*, 1 Cal.App.2d 605, 611 [37 P.2d 146].)

In our opinion, the fact that a Highway Patrol officer might participate in and be injured while removing an obstruction from a highway is a foreseeable occurrence. This opinion is supported by the decisions in a great number of cases involving a variety of factual situations, wherein the rules heretofore considered have been applied, among which are *Richardson* v. *Ham*, 44 Cal.2d 772, 776 [285 P.2d 269]; *Eads* v. *Marks*, 39 Cal.2d 807, 812 [249 P.2d 257]; *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295, 298 [195 P.2d 783]; *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 218 [157 P.2d 372, 158 A.L.R. 872]; *Fennessey* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 141 [124 P.2d 51]; *Katz* v. *Helbing*, 215 Cal. 449 [10 P.2d 1001]; *Pastene* v. *Adams*, 49 Cal. 87, 90; *Parker* v. *City & County of San Francisco*, 158 Cal. App.2d 597, 606 [323 P.2d 108]; *Jones* v. *City of South San Francisco*, 96 Cal.App.2d 427, 435 [216 P.2d 25]; *Haverstick* v. *Southern Pac. Co.*, 1 Cal.App.2d 605, 614 [37 P.2d 146]; *Hansen* v. *Market Street Ry. Co.*, 64 Cal.App. 426 [221 P. 955]; and *Marton* v. *Jones*, 44 Cal.App. 299, 301 [186 P. 410]. We conclude that the plaintiff's participation in removing the steel rolls from the highway was not an efficient intervening cause sufficient to break the legal chain of causation between the negligent conduct of the driver and the plaintiff's injuries.

The manner of plaintiff's participation in such removal, although pertinent to a determination respecting his duty to exercise ordinary care for his own protection, is not determinative of the issue of proximate cause. In determining that issue the question is not whether the identical consequences of the negligent act were reasonably foreseeable, but whether the likelihood of injury from that act was reasonably foreseeable. The test of reasonable foreseeability is directed to the likelihood of injury from the negligent act and not to the identical circumstances that occurred. (*Werkman* v. *Howard Zink Corp.*, 97 Cal.App.2d 418, 424-425 [218 P.2d 43].) Neither the particular injuries sustained, the manner by which they were inflicted, nor the circumstances under which they were received are factors included within the foreseeability test. (*Haverstick* v. *Southern Pac. Co.*, 1 Cal.App.2d 605, 614 [37 P.2d 146].) Thus, whether the plaintiff was injured while removing the steel rolls through the use of mechanical equipment or his

own strength, or whether he sustained injury while pushing a steel roll which knocked against and broke his leg or caused a strain on his back which broke his neck vertebrae, are not the foreseeable factors pertinent to the proximate cause determination. (*Herrera* v. *Southern Pacific Co.*, 155 Cal.App.2d 781, 786 [318 P.2d 784]; *Wallack* v. *Bass*, 105 Cal.App.2d 638, 643 [234 P.2d 160]; *Osborn* v. *City of Whittier*, 103 Cal.App.2d 609, 615-616 [230 P.2d 132]; *Werkman* v. *Howard Zink Corp.*, 97 Cal.App.2d 418 [218 P.2d 43]; *Haverstick* v. *Southern Pac. Co.*, 1 Cal.App.2d 605, 614 [37 P.2d 146].) The likelihood of injury from negligent conduct causing an obstruction in the highway, either while the obstruction remains in the highway or in the course of its removal, if not self-evident, is properly determined as a question of fact.

In the event of an intervening act, and its effect as an efficient intervening cause is in issue, when there is room for a reasonable difference of opinion as to whether the intervening act was foreseeable, the question should be left to the trier of fact. (*Richards* v. *Stanley*, 43 Cal.2d 60, 66 [271 P.2d 23]; *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295, 299 [195 P.2d 783]; *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 219 [157 P.2d 372, 158 A.L.R. 872].)

The defendants claim that the negligent conduct of the driver created a condition which had become static and for this reason ceased to be a cause of the injury which was sustained as a result of the condition so created; that the negligence of the driver did not continue as such down to the time of plaintiff's injury. This contention is without merit.

In those instances ". . . where the defendant's negligent conduct is the stimulus for some other act which causes the injury, there is no break in the chain of events which would prevent his liability." (*Henderson* v. *Balcom*, 145 Cal.App.2d 36, 40 [301 P.2d 928].)

The evidence in the case at bar supports the finding of the trial court on the issue of proximate cause.

The defendants make the further contention that the defense of assumption of risk was established as a matter of law. Our conclusion is to the contrary. The risk of injury involved under the evidence in this case was that incident to pushing and pulling a heavy object. The defense of assumption of risk "is available when there has been a voluntary acceptance of a risk and such acceptance, whether express or implied, has been made with knowledge and appre-

ciation of the risk." (*Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 161-162 [265 P.2d 904].) The evidence justifies the conclusion that the plaintiff did not voluntarily accept the risk in question. He was under an obligation to clear the highway of obstructions. His choice, being dictated by a legal and moral duty, was not voluntary within the requirements of the doctrine. (*Ching Yee* v. *Dy Foon*, 143 Cal.App.2d 129, 138 [299 P.2d 668].) Moreover, even though the plaintiff may have had knowledge of the risk involved in pushing and pulling heavy rolls of steel, it cannot be said as a matter of law that he appreciated the magnitude of that risk. Under such circumstances the doctrine does not apply. (*Hawk* v. *City of Newport Beach*, 46 Cal.2d 213, 218 [293 P.2d 48]; *Guerrero* v. *Westgate Lumber Co.*, 164 Cal.App.2d 612, 618 [331 P.2d 107].)

The defendants also claim that the evidence establishes contributory negligence as a matter of law.

 "The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion." (*Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [155 P.2d 826].)

 The evidence in this case fully substantiates the finding of the trial court that the plaintiff was not negligent. His work imposed upon him the obligation of clearing the highway in order to protect motorists using it from injury. The amount of care required of an ordinarily prudent person under such circumstances might well be less than that required of a person not acting under the demands of his work. (*Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 239 [282 P.2d 69]; *Cavagnaro* v. *City of Napa*, 86 Cal.App.2d 517, 524 [195 P.2d 25]; *Ostertag* v. *Bethlehem etc. Corp.*, 65 Cal.App.2d 795, 801 [151 P.2d 647].)

The plaintiff urges that his conduct should be measured pursuant to the principles attendant upon an application of the rescue doctrine. It may now be stated as a general rule in this state that, "where the negligence of a defendant has imperiled human life, a person who takes such

steps as are reasonably necessary to rescue or protect those imperiled is not contributorily negligent in voluntarily leaving a place of safety and incurring danger if he does not act with a recklessness which would not be warranted, under the circumstances, in the judgment of a prudent man.'' (*Petersen* v. *Lang Transp. Co.*, 32 Cal.App.2d 462, 467 [90 P.2d 94]; *Henshaw* v. *Belyea,* 220 Cal. 458, 468 [31 P.2d 348].)

The trial court made findings which support an application of this doctrine. The defendants contend that the evidence does not support these findings. It is not necessary to consider this contention as the findings with respect to the issue of contributory negligence are adequately supported without application of the rescue doctrine. (*Henshaw* v. *Belyea,* 220 Cal. 458, 468 [31 P.2d 348].)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied August 3, 1960, and appellants' petition for a hearing by the Supreme Court was denied September 1, 1960.