[Civ. No. 28883.   Second Dist., Div. Two.   Jan. 19, 1966.]

CHRISTINE SCOTT, Plaintiff and Appellant, v. TEXACO, INC., et al., Defendants and Respondents.

Jerry B. Riseley for Plaintiff and Appellant.

Schell & Delamer, Richard B. Goethals, Abe Mutchnik, Gilbert, Thompson & Kelly, Jean Wunderlich and Bernard Patrusky for Defendants and Respondents.

FLEMING, J.—Christine Scott, a passenger in a Chevrolet, brought suit against the driver of a Renault, the driver of a Volkswagon, and Texaco, Inc., the owner of a tanker truck for personal injuries arising out of a multi-vehicle automobile accident.

Events started when the Renault went out of control at night on the downhill curve of a two-lane transition road connecting two Los Angeles freeways, turned over, and came to rest in the left lane. Mrs. Scott's Chevrolet stopped in the left lane about two car-lengths behind the Renault, and four to six other automobiles stopped behind it in the same lane. Mrs. Scott got out of her automobile in order to warn other vehicles of the accident and get flares from the trunk. While on the highway she waved her hand at approaching cars and shouted, "A wreck, a wreck." Two cars in the right lane saw her wave. One slowed down and then drove on. The other, a Volkswagon, slowed or stopped in the right lane in response to her signal. At that moment, a fully-loaded Texaco gasoline truck came around the curve of the transition road, found both lanes blocked 150 feet ahead, applied its brakes, but was unable to stop until after it had struck Mrs. Scott, the Chevrolet, and the Volkswagon.

Mrs. Scott contended the Renault driver, Kelley, was negligent in allowing his car to overturn on the transition road, the Volkswagon driver, Smead, was negligent in stopping in the right-hand lane, and the operator of the Texaco truck

was negligent in running into her, the Chevrolet, and the Volkswagon. Each defendant denied negligence and pleaded Mrs. Scott's contributory negligence. The jury returned a verdict for all defendants, and Mrs. Scott has appealed.

Mrs. Scott contends it was prejudicial error for the trial court to refuse to instruct the jury that she was a rescuer and as a rescuer not barred from recovery by contributory negligence unless she acted rashly and recklessly.

■ The point she brings before us involves an exception to the general rule that a plaintiff's own negligence which contributes in any way to an accident bars recovery for damages against a negligent defendant. Under the exception, a plaintiff injured while attempting to rescue someone else from danger is not bound to a standard of ordinary care but may be allowed to assume extraordinary risks and to perform acts which might be considered negligent in other circumstances.

Essentially, the rescue rule expands the risks which a rescuer may properly take in order to save a third person in danger from harm. Conduct which ordinarily might be held negligent may not necessarily be so considered when performed by a rescuer in an effort to save another from bodily injury. (*Petersen* v. *Lang Transportation Co.*, 32 Cal.App.2d 462, 467-468 [90 P.2d 94]; *Hymes* v. *Pollock*, 108 Cal.App.2d 536, 538 [238 P.2d 1056]; *Bilyeu* v. *Standard Freight Lines*, 182 Cal.App.2d 536, 545-546 [6 Cal.Rptr. 65].) It has been said that only conduct which amounts to rashness and recklessness will defeat the right of a rescuer to recover for personal injuries against a negligent defendant. (*Petersen* v. *Lang Transportation Co.*, 32 Cal.App.2d 462, 467 [90 P.2d 94].) "It seems quite clear that the rule in question is quite different from the ordinary rules of contributory negligence with respect to the degree of care required of the acting party. In the ordinary case any negligence, no matter how slight, will defeat recovery but in this exceptional case such negligence must amount to rashness or recklessness. As was said in *Eckert* v. *Long Island R.R. Co.*, 43 N.Y. 502 [3 Am. Rep. 721]: 'The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons.' " (*Petersen* v. *Lang Transportation Co.*, 32 Cal.App.2d 462, 467 [90 P.2d 94].)

■ Plaintiff sought an instruction which would have allowed the jury to conclude she was a rescuer, and we think an instruction on this subject should have been given, either in the form suggested by *Lang Transportation* or as a further definition of contributory negligence on the part of a rescuer. If the jury found that Mrs. Scott was reasonably acting as a rescuer, then only rash and reckless conduct on her part would amount to contributory negligence and bar her recovery against a negligent defendant.

In weighing the case against Kelley, the Renault driver, the jury unquestionably needed the benefit of instructions on the rescue rule. There was evidence to show that Kelley had been arguing with his wife and as a result of the argument had lost control over his vehicle, conduct which would clearly form the basis for a finding that he had been negligent. His initial negligence triggered the sequence of events which followed and made him potentially liable for all injuries which proximately resulted from it. Whether this negligence was a proximate cause of the second accident or whether an independent intervening cause such as negligence on the part of Mrs. Scott cut off the force of Kelley's original negligence was a question for the jury to determine under proper instructions. (*Carter* v. *Pickering* (1951) 191 Va. 801 [62 S.E.2d 856]; *Champagne* v. *Hamburger & Sons*, 169 Cal. 683 [147 P. 954]; *Bilyeu* v. *Standard Freight Lines*, 182 Cal. App.2d 536 [6 Cal.Rptr. 65]; *Merrill* v. *Buck*, 58 Cal.2d 552, 563 [25 Cal.Rptr. 456, 375 P.2d 304]; *Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97 [29 P.2d 781].)

■ The jury may also have needed rescue instructions in considering the case against Texaco. It may be argued that rescue instructions were not relevant to Texaco, because the rescue exception to the rule of plaintiff's due care only operates against a defendant whose negligence created the original peril which plaintiff as rescuer was attempting to surmount. (2 Witkin, Summary of Cal. Law (1960) p. 1528.) Because Mrs. Scott was induced to take up her position of danger as a consequence of the acts of the driver of the Renault—acts for which Texaco bore no responsibility—it may be argued that her special dispensation as a rescuer should be restricted to her suit against the driver of the Renault and not extended to her suit against Texaco.

We do not accept this narrow view of the rescue rule, which would focus attention on the person creating the origi-

nal danger and not on the person of the rescuer. We think the force of the rule should properly be centered on the rescuer, for it is the quality of his conduct which is being weighed. ■ Whether he was induced to enter a position of danger as a result of the act of a particular defendant or as a result of some outside force is inconsequential to the process of evaluating the quality of his behavior. We find persuasive the case of *Hammonds* v. *Haven* (Mo. 1955) 280 S.W.2d 814 [53 A.L.R.2d 992]. In that case a tree had fallen across the highway, and plaintiff was injured in attempting to warn the defendant and other drivers of the danger of the tree on the highway. The court considered it immaterial that the initial peril which induced plaintiff to expose himself to danger had been caused by an outside force and not by an act of the defendant. We, too, think it inconsequential that the initial danger was caused by a third force. The critical element in the rule lies in the rescuer's behavior in the face of the crisis which confronts him and not in the factors which brought him there. ■ We hold the rescue rule applies to all defendants, regardless of the source and creation of the original peril.

■ Texaco contends there was no evidence from which the jury could have found the driver of its truck negligent, and therefore it was immaterial in its case how the jury was instructed on the contributory negligence of a rescuer. Texaco argues that because the accident occurred 150 feet from a curve on a transition road, its driver could not have seen the stopped cars on the highway in time to stop his truck and avoid a collision. It introduced tachometer recordings and the testimony of another Texaco driver to prove that its truck was going 43 miles an hour, a speed less than the maximum speed limit. It showed that minimum stopping distance at 43 miles an hour for a fully-loaded, 68,000-pound, tanker truck was 210 feet. On the basis of this evidence Texaco reasons that the driver of its truck could not have been negligent as a matter of law.

We are not persuaded by this analysis. Even though the Texaco truck was traveling at a speed less than the maximum specified in the Vehicle Code, the reasonableness of its speed was a question of fact under all the circumstances, and circumstances may make travel at a speed less than the maximum rate a negligent operation of a motor vehicle. (*Reynolds* v. *Filomeo*, 38 Cal.2d 5, 13-14 [236 P.2d 801];

Veh. Code, § 22350.) Considering that it was 11 o'clock at night, that the Texaco truck weighed 34 tons, that the road was a blind curve with a downhill slope, that the truck could not have stopped in less than 210 feet at the speed it was traveling, the jury might have found the driver of the Texaco truck to have been negligent. (*Wilkins* v. *Sawyer,* 232 Cal.App.2d 458, 464-465 [42 Cal.Rptr. 817].) In that event instructions defining the status of a rescuer and the circumstances under which she could recover would have become pertinent to the jury.

In future trials of multi-party accidents, where the relationships among the parties and consequently the jury instructions become complicated, we suggest the use of simple interrogatories asking the jury to find on the negligence and on the contributory negligence of each party involved, a procedure which will avoid the necessity of retrials for erroneous instructions which may not have affected the final verdict in the case.

In Mrs. Scott's case against Smead, the driver of the Volkswagon, we find no evidence of any negligent conduct on his part and no basis for a recovery against him under any set of instructions dealing with Mrs. Scott's activities as a rescuer. Smead slowed down or stopped his vehicle in response to the signal of Mrs. Scott, and there was no suggestion of negligence or fault on his part in having so responded. Indeed, Smead himself could be considered a potential rescuer and Good Samaritan. In spite of this Smead was named and served as a defendant, apparently on the theory that in an accident everybody on the scene should be sued. At the close of the trial no basis for a recovery against Smead was presented to the jury. In final argument counsel for plaintiff said, ''We joined him because you just about have to join everybody; otherwise you might be sued for malpractice or something.'' In her briefs on appeal plaintiff has again failed to suggest any basis for a judgment against Smead. We think Smead has been imposed upon and put to useless expense by a frivolous appeal. In the case of a frivolous appeal we have authority to tax a penalty against the one responsible for such an appeal, Cal. Rules of Court, rule 26(a)), and we hereby impose a penalty of $100 in favor of Smead against appellant.

The judgment in favor of Kelley, and the judgment in favor of Texaco are reversed. The judgment in favor of

Smead is affirmed, and a penalty of $100 for a frivolous appeal is imposed in his favor against appellant.

Appeal from order denying motion for a new trial is dismissed.

Roth, P. J., and Herndon, J., concurred.

The petitions for a rehearing were denied February 17, 1966, and the petitions of respondents·Kelley and Texaco, Inc., for a hearing by the Supreme Court were denied March 16, 1966.