[Civ. No. 35903. Second Dist., Div. One. May 27, 1971.]

LOUIS KLANG, Plaintiff and Appellant, v.
SHELL OIL COMPANY et al., Defendants and Respondents.

## COUNSEL

Toxey Hall Smith and Victor Rosenblatt for Plaintiff and Appellant.

Schell & Delamer, Lee A. Solomon, Charles H. Carpenter, John Y. Maeno, A. P. G. Steffes and John Peckham for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—This is an appeal by the plaintiff in a personal injury action from a judgment entered on a defense verdict. We affirm the judgment.

Appellant was injured when he was struck by an automobile while standing behind his own car which was stopped partly in a traffic lane of the Long Beach Freeway. He settled his cause of action against the driver of the car which struck him and proceeded to trial against respondents on the theory that their actions in not properly closing the hood of his automobile caused it to open, thus obstructing his vision and requiring him to stop the car in a place of danger. On this appeal, appellant does not question the sufficiency of the evidence to support the defense verdict. He contends, however, that the trial court erred in ruling upon a claim of attorney-client privilege and in refusing his proffered instruction on the duty of care required of a rescuer.

### Attorney-Client Privilege

Appellant was injured in the early morning hours of April 12, 1964. He was taken to Compton Hospital. In an unexplained fashion, someone at the hospital came upon a slip of paper in appellant's pocket which bore the name, address, and telephone number of Louis Lawson, an attorney. Appellant had never met Lawson and had no previous relationship with him. Lawson was called by the hospital at 3 a.m. and proceeded there immediately. While Lawson was unable to converse with appellant because of appellant's physical condition, he nevertheless commenced an investigation of the accident by employing an investigator who interviewed witnesses. During the month which followed, Lawson did not obtain "a clear statement" from appellant as to what had occurred. He did obtain a signed retainer agreement on April 27.

On May 11, 1964, Lawson was contacted by Officer Snedder who was investigating the accident. Snedder asked that appellant furnish information concerning it. Snedder informed Lawson that if the circumstances of the accident were not explained, he would be required to issue a citation to appellant. Lawson, acting on behalf of appellant, ". . . [A]dvised [Snedder] that I did not want to have Mr. Klang [appellant] involved in a court appearance when he was rather ill and injured and then I could give him a statement of what I knew the facts to be from my investigation, if that would satisfy his requirement." Snedder replied, "tell me what you know." Lawson then told Snedder in substance ". . . [Appellant] was northbound on the Long Beach Freeway when his engine stopped, he pulled to the right shoulder of the freeway but still had the rear end of his vehicle in lane number 3, that he got out of his vehicle and checked under the hood. He then went to the rear of his vehicle for a pair of pliers. He was aware of lights approaching and was then struck. . . ."

The statement given by Lawson to Officer Snedder is extremely damag-

ing to appellant's theory in the instant case which seeks to fasten liability upon respondents upon the basis that their failure properly to secure the hood of appellant's car caused the hood to fly open resulting in his being required to stop the vehicle on a traffic lane of the freeway.

When the case at bench was called for trial, counsel for appellant and respondents stipulated "that the matter of admissibility of statements of plaintiff [appellant] to his former attorney [Lawson] and the statements made by the former attorney be determined before the beginning of the trial before the jury." Pursuant to that stipulation, a hearing on the admissibility of the statements was held before Judge Allport on May 9, 1969. Appellant sought to exclude the statements as hearsay, as the work product of an attorney, and as a confidential communication between attorney and client. The court ordered that the statement from Lawson to Officer Snedder be admitted in evidence. A series of continuances followed. When the matter was ready for trial, Judge Allport had been elevated to the Court of Appeal and the case was assigned to Judge Beck. Appellant sought to relitigate the issue of admissibility of the statement contending that Judge Allport's elevation had in effect resulted in a mistrial. Judge Beck refused to permit the matter to be reopened, basing his ruling upon the stipulation of counsel that the matter of admissibility should be determined as a question preliminary to trial.

On appeal, appellant contends that: (1) Judge Beck erroneously refused to reopen the proceedings to determine the admissibility of the statements; (2) Judge Allport erroneously compelled disclosure of a communication between attorney and client in the course of ruling upon the question of privilege; and (3) the statement from Lawson to Officer Snedder was improperly admitted in evidence because it represents a confidential communication between attorney and client.[1] Our examination of the record indicates that the contentions are without merit.

■ Appellant's contention that Judge Beck was required to hold a new hearing upon the admissibility of the statement when the case was assigned to him reneges upon the stipulation of his counsel. The fair meaning of that stipulation is that the court was to determine admissibility of the statements prior to the time that trial before the jury commenced. The court made its determination as required by the stipulation. The subsequent elevation of the judge who made the ruling on the preliminary matter detracted not at all from its validity since the ruling was that of the court and not of an individual. (*County of San Mateo* v. *Bartole,* 184 Cal.App.2d 422, 436 [7 Cal.Rptr. 569].)

---

[1]Appellant does not argue his hearsay and work product objections on appeal. We, therefore, deem those objections abandoned.

■ Appellant's argument that the trial court erroneously compelled the disclosure of information claimed to be privileged in ruling on the claim of privilege (Evid. Code, § 915, subd. (a)) is not supported by the record. Long before the case at bench came to trial, appellant's counsel had voluntarily disclosed to Officer Snedder information concerning the manner in which appellant's vehicle came to stop on the freeway. That disclosure was not in confidence. In the hearing to determine admissibility of that information, the trial court took evidence of the statement from Lawson to Snedder. That evidence cannot be construed as the required disclosure of information claimed to be privileged because the disclosure had already occurred without action of any kind by the court.

■ Appellant's claim that the statement from Lawson to Officer Snedder constitutes matter protected by the attorney-client privilege is similarly without merit. ■ The attorney-client privilege is lost where the attorney, with the consent of the client, discloses the content of an otherwise privileged communication other than in confidence. (*Solon* v. *Lichtenstein,* 39 Cal.2d 75 [244 P.2d 907].) The fact of consent of the client may be inferred from other evidence, as for example the disclosure for the client's benefit in negotiations on his behalf. (8 Wigmore, McNaughton Rev., §§ 2325, 2326, p. 633; see also *United States* v. *Shibley,* 112 F. Supp. 734.) ■ The record here contains substantial evidence supporting the inference drawn by the trial court that Lawson disclosed the information to Officer Snedder with appellant's consent. The statement was given in a successful effort to prevent an assertion of criminal liability against appellant. Appellant stated in the trial court that: "It is also clear that the disclosure by said attorney to the third party (the police officer) was reasonably necessary for the accomplishment of the purpose for which the attorney had been retained in that it eliminated the filing of a traffic violation against the plaintiff arising out of the involved accident." Thus assuming that Lawson's statement contained information emanating from appellant,[2] that information lost its privileged character when it was disclosed.

### Rescue Doctrine

■ Appellant's evidence was that after respondents had serviced his car, he was forced to stop on a traffic lane of the freeway when the hood of his vehicle unexpectedly flew open. He testified that he was struck by

---

[2]It is by no means clear that any of the information emanated from a communication between appellant and his attorney, Lawson. At trial, Lawson testified: "I never did get a clear statement from him [appellant] at any time during that period [prior to Lawson's statement to Officer Snedder]." Lawson, however, had conducted an extensive investigation including the interrogation of a percipient witness not called by appellant at trial.

an oncoming vehicle while reaching into the trunk of his car to obtain a red and yellow flasher with which he intended to warn approaching traffic of the danger caused by his stalled car. Respondents' theory, also supported by substantial evidence, was that appellant had negligently stopped his car in a traffic lane rather than on the shoulder of the freeway and then raised the hood. The trial court instructed on negligence, contributory negligence, and the doctrine of imminent peril. It, however, refused an instruction tendered by appellant on the doctrine of the standard of care required of a rescuer. Appellant contends that the instruction was improperly refused.

The instruction offered by appellant reads: "Conduct which ordinarily might be considered as amounting to contributory negligence may not necessarily be so considered when performed by a person who is attempting to take steps which might help prevent bodily harm to others. Such a person may be allowed to assume extraordinary risks and to perform acts which might be considered negligent under other circumstances without such acts amounting to contributory negligence. Only such conduct which amounts to rashness and recklessness could defeat the right of such person to recover for personal injuries received while in the act of attempting to do acts which would prevent injury to others." The instruction as phrased by appellant correctly states the law of California applicable to the situation where there is no evidence that the rescuer's negligent conduct prior to the rescue attempt has itself contributed either to his own peril or to the danger to which his subsequent rescue effort is directed. (*Scott* v. *Texaco, Inc.,* 239 Cal.App.2d 431, 434-435 [48 Cal.Rptr. 785].) However, since the trial court is not required to modify a proposed instruction which, while correctly stating the law in gross, is incomplete or confusing in the context of the case before it (*Faulk* v. *Soberanes,* 56 Cal.2d 466, 470-471 [14 Cal. Rptr. 545, 363 P.2d 593]; *Hardin* v. *Elvitsky,* 232 Cal.App.2d 357 [42 Cal.Rptr. 748]), appellant's proposed instruction must be examined in light of the record. So examined, the instruction is incomplete, and the court could properly refuse it.

■ While ordinarily "[i]t is not contributory negligence for a plaintiff to expose himself to danger in an effort to save himself or a third person . . . from harm, unless the effort itself is an unreasonable one . . ." (Rest. 2d Torts, § 472), the doctrine of rescue is not applicable "if the third person's peril is due in part to the plaintiff's own negligence, such negligence is a contributing factor in producing any harm which he sustains in attempting to rescue the third person and, therefore, is a bar to his recovery against a defendant whose negligence also contributed to such harm." (Rest. 2d Torts, § 472, com. a; *Miller* v. *Union R. Co.,* 191 N.Y. 77 [83

N.E. 583].) ▮▮▮ The instruction tendered by appellant[3] permitted the jury to find for him if it believed he had been engaged in a reasonable rescue effort when injured irrespective of the fact that his own negligence may have contributed to the danger. There was substantial evidence from which the jury might have found that the danger of an automobile colliding with appellant's stalled car was caused in part at least by his failure to drive the car from a traffic lane onto the shoulder of the freeway. We thus conclude that the instruction was fatally incomplete and thus properly refused.

### Disposition

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

---

[3]Particularly the last sentence.