[Civ. No. 24290. Fourth Dist., Div. One. Nov. 4, 1982.]

SUSAN A. PAPPERT et al., Plaintiffs and Appellants, v.
SAN DIEGO GAS & ELECTRIC COMPANY,
Defendant, Cross-complainant and Respondent;
ASPLUNDH TREE EXPERT COMPANY,
Cross-defendant and Respondent.

206

COUNSEL

Hinchy, Witte, Wood, Anderson & Hodges, A. Kendall Wood, McInnis, Fitzgerald, Rees, Sharkey & McIntyre and James R. Milliken for Plaintiffs and Appellants.

Gordon Pearce, C. Larry Davis and Timothy W. Tower for Defendant, Cross-complainant and Respondent.

Irving & Butz and Douglas M. Butz for Cross-defendant and Respondent.

OPINION

**WORK, J.**—Plaintiffs Susan A. Pappert and her minor children, Michael D. Pappert, Julie M. Pappert and Mark C. Pappert, appeal from the judgment entered on the jury verdict in favor of defendant San Diego Gas & Electric Company (SDG&E) in their wrongful death action arising from the electrocution of Charles Pappert while attempting to trim a tree close to SDG&E's uninsulated 12,000-volt power line. The special verdict declared SDG&E was negligent, but its negligence was not a legal cause of the death.

The Papperts contend the court erred by submitting the issue of superseding cause, based upon decedent's own actions to the jury and, having done so, erroneously stated the test on this issue. For the reasons following, we conclude the decedent's conduct did not constitute a superseding cause as a matter of law. We further find the instructions given on superseding cause prejudicially failed to tell the jury SDG&E could not escape liability for its negligence unless it not only found that SDG&E could not reasonably have foreseen decedent's intervening acts but also that SDG&E's negligence did not cause an injury of a type which was reasonably foreseeable. Finally, we determine the Papperts neither waived, nor are estopped from raising, these errors.

### *Factual and Procedural Background*

Charles Pappert and his 15-year-old son, Michael, decided to trim their tall Monterey Pine Tree located in their front yard. The tree, planted by them in 1966, now towered above the 12KV uninsulated power line installed across the premises by SDG&E in 1960. In 1976, a patrolman for Asplundh Tree Expert Company (Asplundh), hired by SDG&E to patrol the power lines to notify it of trim work needed and, if approved by SDG&E, then perform such work, asked decedent for permission to remove the top of the tree. Charles refused, but later decided to do the job himself.

While the Papperts' other two children watched, Michael climbed the tree and cut the trunk near the top with a bowsaw. After being partially cut, the top fell onto the uninsulated electrical line. Michael told his father he apparently received an electric shock, and descended. Charles then climbed the tree asking Michael to bring him the tree pruner (a six-foot wooden pole with metal cutters at one end and a metal handle at the other with a metal rod extending the length of the shaft). After handing the pruning device to his father, Michael saw smoke rising from the area of the tree where the limb had been cut. Within a few moments, Michael heard his father shout he was being shocked and could not let go. Although Michael immediately ran into the house to call SDG&E to turn off the power, Charles was electrocuted.

Since Charles was out of view at the time he was electrocuted, it is unclear whether the tree pruner ever came in direct contact with the power line or whether the tree itself conducted the electrical current. There was also evidence the tree itself may have been energized by the wire.

Plaintiffs are the surviving heirs of decedent who, they claim, was electrocuted as a proximate result of the negligence of SDG&E and Asplundh. They claim they suffered great emotional distress when they personally witnessed the accident. SDG&E cross-complained for equitable partial indemnity and contractual indemnity against Asplundh. When pretrial settlement

resulted in a dismissal of plaintiff's complaint against Asplundh, SDG&E's cross-complaint against Asplundh was dismissed as to the equitable indemnity action, leaving only its claim for express contractual indemnity. The jury returned special verdicts finding SDG&E negligent but determined its negligence was not a legal cause of Charles' death. Posttrial motions for partial judgment notwithstanding the verdict and new trial were denied.

## THE JURY WAS ERRONEOUSLY INSTRUCTED ON SUPERSEDING INTERVENING CAUSE

The Papperts contend the jury instructions on superseding cause erroneously stated the law because they emphasized only the foreseeability of the decedent's intervening acts and ignored the foreseeability of the injury received.

The trial court instructed in part: "A legal cause of an injury is a cause which is a substantial factor in bringing about the injury.

"There may be more than one legal cause of an injury. When negligent conduct of two or more persons or entities contribute concurrently as legal causes of an injury, the conduct of each of said person [*sic*] or entities is a legal cause of the injury regardless of the extent to which each contributes to the injury. A cause is concurrent if it was operative at the moment of injury and acted with another cause to produce the injury.

"If you find that the conduct of Charles Pappert was a superseding cause of his death, you must find that the conduct of the defendant and the cross-defendant was not the legal cause of plaintiff's injuries. [Defendant's special instruction A ¶1.]

"*The general test of whether an act which operates to produce an injury breaks a chain of causation is the foreseeability of the act.* The precise intervening act need not be foreseeable. [Defendant's special instruction A ¶ 2.] (Italics added.)

"If you find that defendant San Diego Gas and Electric was negligent and that its negligence was a substantial factor in bringing about an injury to the plaintiffs, but that the immediate cause of the injury was the negligent conduct of the decedent, the defendant is not relieved of liability for such injury if at the time of its conduct the defendant San Diego Gas and Electric realized or reasonably should have realized that decedent might act as he did. [Modified BAJI No. 3.79.]"

The legal ramifications of intervening negligent conduct have been considered by California appellate courts many times. Although "[i]t would be idle to pretend that all [such] cases are easily reconcilable" (*Ewart* v. *Southern Cal. Gas Co.* (1965) 237 Cal.App.2d 163, 170 [46 Cal.Rptr. 631]), it is settled "the principles of causation of the Restatement of Torts, at least as they relate to intervening and superseding causes, have been declared to be the law of this state . . . ." (*Ewart, supra,* at p. 170; *Stewart* v. *Cox* (1961) 55 Cal.2d 857, 863-864 [13 Cal.Rptr. 521, 362 P.2d 345]; *Warner* v. *Santa Catalina Island Co.* (1955) 44 Cal.2d 310, 319 [282 P.2d 12]; *McEvoy* v. *American Pool Corp.* (1948) 32 Cal.2d 295, 298-299 [195 P.2d 783]; *Sanders* v. *Atchison, Topeka & Santa Fe Ry. Co.* (1977) 65 Cal.App.3d 630, 650 [135 Cal.Rptr. 555].) "Under these principles an actor may be liable if his negligence is a substantial factor in causing an injury, and he is not relieved of liability because of the intervening act of a third person if such act was reasonably foreseeable at the time of his negligent conduct." (*Vesely* v. *Sager* (1971) 5 Cal.3d 153, 163 [95 Cal.Rptr. 623, 486 P.2d 151]; *Landeros* v. *Flood* (1976) 17 Cal.3d 399, 411 [131 Cal.Rptr. 69, 551 P.2d 389, 97 A.L.R.3d 324; *DiMuro* v. *Masterson Trusafe Steel Scaffold Co.* (1961) 193 Cal.App.2d 784, 793 [14 Cal.Rptr. 551]; *Bilyeu* v. *Standard Freight Lines* (1960) 182 Cal.App.2d 536, 542 [6 Cal.Rptr. 65].)[1] Several cases express this proposition in the strict affirmative, stating "[t]he general test of whether an independent intervening act, which operates to produce an injury, breaks the chain of causation is the foreseeability of that act." (*Schrimscher* v. *Bryson* (1976) 58 Cal.App.3d 660, 664 [130 Cal.Rptr. 125]; for example.) However, as explained by our Supreme Court in *Akins* v. *County of Sonoma* (1967) 67 Cal.2d 185, 199 [60 Cal.Rptr. 499, 430 P.2d 57], the foreseeability test is twofold relating both to the act and the nature of harm suffered: "[W]here [an] injury was brought about by a later cause of independent origin . . . [the question of proximate cause] revolves around a determination of whether the later cause of independent origin, commonly referred to as an intervening cause, was foreseeable by the defendant or, if not foreseeable, whether it caused injury of a type which was foreseeable. If *either* of these questions is answered in the affirmative, then the defendant is not relieved from liability towards the plaintiff; if, however, it is determined that the intervening cause was not foreseeable *and* that the results which it caused were not foreseeable, then the intervening cause becomes a supervening cause and the defendant is relieved from liability for the plaintiff's injuries." (*Ibid.*, italics added; *Hoyem* v. *Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 521 [150 Cal.Rptr. 1, 585 P.2d 851].) Thus, we emphasize, even if the intervening

---

[1]Moreover, "[i]f the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby." (Rest.2d Torts, § 449, p. 482; *Landeros* v. *Flood, supra,* 17 Cal.3d 399, 411; *Vesely* v. *Sager, supra,* 5 Cal.3d 153, 163; *DiMuro* v. *Masterson Trusafe Steel Scaffold Co., supra,* 193 Cal.App.2d 784, 793; see *Willis* v. *Gordon* (1978) 20 Cal.3d 629, 635 [143 Cal.Rptr. 723, 574 P.2d 794].)

negligent conduct is not foreseeable, SDG&E is not relieved of liability unless the risk of harm suffered also was unforeseeable. (*Willis* v. *Gordon* (1978) 20 Cal.3d 629, 635 [143 Cal.Rptr. 723, 574 P.2d 794]; see *Cline* v. *Watkins* (1977) 66 Cal.App.3d 174, 178 [135 Cal.Rptr. 838].) "Numerous cases have declared that if the defendant's conduct exposes persons in the class to which plaintiff belongs to a foreseeable risk of injury, and his act or omission contributes substantially to injury of that nature actually occurring, he may be held liable notwithstanding the fact that an unforeseeable independent intervening act is a concurring cause." (*Gibson* v. *Garcia* (1950) 96 Cal.App.2d 681, 684-685 [216 P.2d 119]; see also *Bilyeu* v. *Standard Freight Lines, supra,* 182 Cal.App.2d 536, 542-543.)

The given instructions, ignoring the foreseeability of the risk of harm, were fatally defective, misleading the jury and creating the reasonable probability, a result more favorable to the Papperts would have been reached in the absence of the error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) If properly instructed, the jurors could only have concluded, even though they found SDG&E could not have reasonably foreseen the specific nature of decedent's negligent conduct, its original negligence in installing an uninsulated, high-voltage wire, or in failing to trim the tree away from the wire, exposed persons within decedent's class to a foreseeable risk of electrocution, because: "[T]he question is not whether the identical consequences of the negligent act were reasonably foreseeable, but whether the likelihood of injury from that act was reasonably foreseeable. The test of reasonable foreseeability is directed to the likelihood of injury from the negligent act and not to the identical circumstances that occurred. [Citation.] Neither the particular injuries sustained, the manner by which they were inflicted, nor the circumstances under which they were received are factors included within the foreseeability test." (*Bilyeu* v. *Standard Freight Lines, supra,* 182 Cal.App.2d 536, 543.)

Here, the injury sustained, death by electrocution impacting decedent's heirs, is precisely and directly the result to be expected when a person trimming a tree on his residential property is exposed to the charge from an uninsulated 12,000-volt power line passing through its foliage. Since the facts in this record also indisputably show decedent was within the class of persons exposed to danger when SDG&E deliberately permitted its uninsulated power line to remain in the proximity of the tree, there was no factual issue on superseding cause for jury consideration and the trial court erred in presenting this issue to the jury[2]

---

[2]Papperts' counsel made no specific objection to superseding cause being made a jury issue. Whether this failure reflects waiver is irrelevant to our decision since we are satisfied the erroneous instructions given were themselves reversibly prejudicial.

## The Papperts Neither Waived, Nor are Estopped
### From Contesting, the Instructional Error

SDG&E and Asplundh claim the foregoing issue is not cognizable on appeal because the Papperts withdrew their objection to the instruction given, thereby waiving any objection. Or, in the alternative, SDG&E and Asplundh claim the Papperts are estopped from objecting to SDG&E's special instruction A because they offered a modified instruction containing an essentially identical test to that included in special instruction A and, when the court refused it, proposed no additional modifications even though invited to do so by the trial court. While discussing BAJI No. 3.79 Papperts' counsel stated: "I would point out to the Court as far as the use in Subparagraph 2 and Paragraph 3 of the terminology 'extraordinary,' there is a caveat or comment to the BAJI instruction by the committee citing the Court to *Campodonico* v. *State Auto Parks* at 10 Cal.App.3d 803, in which the court, the Appellate Court was critical of the use of the words 'extraordinary' and 'normal' in the context of an instruction involving an intervening cause, and pointed out that the true test was whether or not the intervening act of the person was reasonably foreseeable at the time of the negligent conduct, and that was the true test to be applied for intervening cause." However, BAJI No. 3.79, as modified, properly constituted a correct statement of the law as far as it went. The erroneous statement of the law appears in the first sentence of paragraph two of SDG&E's special instruction A, *supra*.

Regarding waiver, we find the authorities relied upon by SDG&E and Asplundh inapposite for reasons aptly stated by the court in *Enis* v. *Specialty Auto Sales* (1978) 83 Cal.App.3d 928, 940 [148 Cal.Rptr. 255]: "While plaintiff might have been able to avoid the necessity of an appeal by . . . [objecting or proposing alternative instructions], her failure to do so did not constitute a waiver of her right to contend on appeal that the instructions given at defendants' request were prejudicially erroneous. It is settled that the giving of an instruction shall be deemed excepted to, even though the party complaining on appeal made no objection thereto in the trial court. [Citations.]"

We also find the estoppel theory premised upon the doctrine of invited error is without merit,[3] because the Papperts' proposed instruction does not contain "an essentially identical test" to that within special instruction A. While hardly a model, it is not inconsistent with their position on appeal, i.e., the true test for a superseding cause in this case was whether the conduct of the

---

[3]The decision in *People* v. *Wickersham* (1982) 32 Cal.3d 307, 333 [185 Cal.Rptr. 436, 650 P.2d 311], holds the doctrine of invited error only applies when counsel has articulated a deliberate tactical objection to the giving of an otherwise required instruction. Mere failure to object, or even express acceptance of an incorrect instruction is not sufficient.

decedent was among the hazards reasonably foreseen within the risk created by SDG&E's original negligence.[4]

The Papperts additionally claim decedent's conduct may not be considered an intervening act in a wrongful death case because considering his negligence under the guise of legal or proximate causation as an intervening cause would effectively reinstate the contributory negligence doctrine in California. We do not address this question because the parties do not contend; nor can we foresee from this record, that the issue of intervening causation will arise on retrial.

*Disposition*:

The judgment is reversed, the matter remanded for new trial, and SDG&E's cross-complaint for contractual indemnity against Asplundh is reinstated.

Wiener, Acting P. J., and Zumwalt, J.,* concurred.

The petition of defendant, cross-complainant and respondent for a hearing by the Supreme Court was denied February 10, 1983.

---

[4]The proposed instruction reads: "A person may be liable if his negligence is a substantial factor in causing an injury, and he is not relieved of liability because of the intervening act of the decedent if such act was reasonably foreseeable at the time of his negligent conduct. Moreover, if the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the person negligent, such act, whether innocent, negligent, intentional or criminal does not prevent the person from being liable for harm caused thereby."

*Assigned by the Chairperson of the Judicial Council.