977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juana Arias TEJEDA, et al. Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-6420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Decided Sept. 30, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juana Arias Tejeda, Ofelia Acevedo, Edelmira Pacheco, and Maria Maldonado appeal a judgment in favor of the United States in their Federal Tort Claims Act lawsuit for personal injuries sustained while operating a government-owned power press that had not been equipped with adequate operational safeguards. The accident occurred in 1974, over eighteen years ago. For the second time, we are required to consider an appeal in this case, and for the second time we reverse the district court.
 
 BACKGROUND
 
 3
 Tejeda, Acevedo, Pacheco, and Maldonado filed suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, after their fingers and hands were chopped and crushed by a 175-ton power press owned by the United States and supplied to the plaintiffs' employer, Hydro Deep Draw Co. The United States had warned Hydro Deep Draw that the press was not equipped with adequate operational safeguards. Hydro Deep Draw, however, ignored the warnings from the government. The district court found that the United States had breached its duty to warn the plaintiffs of the dangerous condition of the power press. However, the court held that the government's breach of its duty to warn was not the proximate cause of the plaintiffs' injuries because the accident would have occurred even if the plaintiffs had received a warning. The plaintiffs filed this timely appeal.
 
 DISCUSSION
 
 4
 Under California law, the district court was required to consider whether the government's conduct was a "substantial factor" in bringing about the injury. Mitchell v. Gonzales, 54 Cal.3d 1041, 1049 (1991). The district court determined that two substantial factors were the cause of the plaintiffs' injuries. The court held that the cause of the plaintiffs' injuries was either (1) Hydro Deep Draw's failure to install adequate operational safeguards or (2) the fact that the press was inadvertently switched to continuous mode sometime before the accident. The district court concluded that the United States' failure to warn was not a substantial factor in bringing about the plaintiffs' injuries because "plaintiffs' injuries ... would have happened anyway."
 
 
 5
 The court's wholly unsupported determination that plaintiffs' injuries would have happened anyway is clearly erroneous. The district judge failed to make any findings in support of that determination and there is nothing in the record that justifies it. To the contrary, each of the plaintiffs testified that she would not have operated the power press had she been warned about the lack of adequate operational safeguards.[1] Even without that testimony, however, our conclusion that the district court's findings were clearly erroneous would be the same. Appellee has pointed to nothing in the record that would support a determination that the plaintiffs would, without taking any precautions whatsoever, simply have placed their hands inside the press to remove the newly cut missile parts had they been warned that the press was not equipped with operational safeguards and the ram might automatically descend. There is nothing in the record that suggests, for example, that they would not have checked to see whether the press had been switched to continuous mode before commencing operations, had they known about the machine's operational deficiencies. Moreover, we find no other legal basis that could support the district court's determination.
 
 
 6
 Under the substantial factor test, the question presented in the case before us is whether Hydro Deep Draw's negligence amounted to a superseding cause sufficient to relieve the United States of liability.[2] In general, if either the risk of injury or the intervening negligent conduct might reasonably have been foreseen, the defendant is liable. Pappert v. San Diego Gas & Elec. Co., 137 Cal.App.3d 205, 210 (1982). However, "if the independent intervening act is highly unusual or extraordinary, not reasonably likely to happen and hence not foreseeable, it is a superseding cause, and the defendant is not liable." 6 Witkin, Summary of California Law, § 975, p. 366 (9th ed. 1988). See Pappert v. San Diego Gas & Elec. Co., 137 Cal.App.3d at 210; Rest.2d, Torts §§ 441, 442. There was nothing unusual, extraordinary or otherwise unforeseeable about what occurred here. Both the risk of injury and the intervening neglect were clearly foreseeable.
 
 
 7
 Balido v. Improved Machinery, Inc., 29 Cal.App.3d 633 (1972), governs the application of the foreseeability test in a case involving injuries caused by dangerous machinery. The Balido court considered the following factors relevant in determining whether the employer's failure to heed the warnings of inadequate safety devices amounted to a superseding cause of the injury: (1) the foreseeability of the third-party neglect; (2) the degree to which the designer of the product could foresee the danger involved in its use; (3) the dangerousness of the machinery; and (4) the extent of the designer's duty to anticipate safety neglect by the owners of the machinery. Id. at 645.[3]
 
 
 8
 As noted above, both the risk that Hydro Deep Draw would neglect to install adequate operational safeguards and the risk of harm to the plaintiffs from the operation of the power press without adequate operational safeguards were reasonably foreseeable to the United States. The fact that the United States provided Hydro Deep Draw with documents warning that the press had to be equipped with effective operational safeguards supports the conclusion that the United States did foresee the risk of injury to the operators of the power press. In addition, the record establishes that the power press was extremely dangerous. Accordingly, under California law, Hydro Deep Draw's negligence does not amount to a superseding cause and the United States is liable for the plaintiffs' injuries.[4]
 
 
 9
 The judgment of the district court is REVERSED, and the case is REMANDED for trial on the issue of damages.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The United States contends that the plaintiffs' testimony should be stricken from the record on appeal. The debate regarding the contents of the record on appeal arose because the court reporter had lost the notes of the trial that contained appellants' testimony. Consequently, we determined that the parties should proceed on a partial settled statement pursuant to Fed.R.App.P. 10(c). Plaintiffs filed copies of their proposed statement of facts with the district court. The United States submitted: (1) objections and proposed amendments to plaintiffs' proposed statement of facts; (2) the Declaration of Mary Ann Murphy, who represented the United States in the district court proceeding; and (3) a proposed order settling and approving the parties' statements of the evidence. In its proposed order, the United States requested that the plaintiffs' statement be amended by striking those portions which conflict with the defendant's Murphy Declaration. On November 21, 1990, the district court signed the order settling and approving the statement on appeal
 The Murphy Declaration is silent as to the challenged testimony, but that testimony does not conflict with the Murphy Declaration. Therefore, the testimony is not stricken from the record on appeal.
 
 
 [2]
 Under California law, a superseding cause is an "intervening force ... which actively operates in producing harm to another after the actor's negligent act or omission has been committed." Restatement (Second) of Torts, § 441; see Landeros v. Flood, 17 Cal.3d 399, 411 (1976)
 
 
 [3]
 In Balido and other cases that address 'superseding cause,' the original wrongdoer is usually a manufacturer, designer, or seller of the product. Because section 388 of the Restatement (Second) of Torts, which governs liability in this case, states that liability for injury caused by a chattel extends to any "supplier" of that chattel, we conclude that Balido controls here even though the United States did not manufacture or sell the press. In full, section 388 states:
 [o]ne who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
 (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
 (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
 (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.
 Restatement (Second) of Torts, § 388. Under section 388, the term "supplier" includes "sellers, lessors, donors, or lenders, irrespective of whether the chattel is made by them or by a third person." See Restatement (Second) of Torts § 388 cmt. c. Because the United States knowingly furnished the power press to Hydro Deep Draw, the United States is a 'supplier' within the meaning of section 388.
 
 
 [4]
 We need not consider the government's failure to make the press safe for the use for which it was supplied because we find it liable on the alternative theory of its failure to warn