[No. F017025. Fifth Dist. Aug. 25, 1993.]

ROY HARDISON, Plaintiff and Appellant, v.
JESSE ORRILLE BUSHNELL et al., Defendants and Respondents.

COUNSEL

Faulkner & Faulkner, James L. Faulkner and Kathleen Ellis-Faulkner for Plaintiff and Appellant.

Clifford, Jenkins & Brown and Richard G. Zimmer for Defendants and Respondents.

OPINION

**VARTABEDIAN, J.**—Appellant, Roy Hardison (hereafter appellant), injured in an automobile accident, appeals from a defense verdict. He contends the verdict is not supported by the evidence. We reverse.

## FACTS AND PROCEDURAL HISTORY

On January 29, 1986, appellant was the middle passenger in a pickup truck driven by Danny Ray Smith. The truck was traveling north on Old River Road in Kern County. It was between 4 and 4:30 in the afternoon, and dust or sand was blowing across the road. Smith was driving between 40 and 50 miles per hour.

Respondent Jesse Orrille Bushnell (hereafter respondent) was traveling south on Old River Road, driving a semitractor. He turned left across the northbound lane onto eastbound Houghton Road. While respondent's tractor was in the northbound lane, Smith's pickup struck it. Appellant, not wearing a seat belt, was thrown forward in the pickup cab. He struck the dashboard, shattering his wrist.

Appellant underwent three surgeries on his wrist. In the final surgery, his wrist was fused, using a portion of his hip bone.

Appellant sued respondent and respondent's employer. Jury trial began in September 1991. At the close of evidence, the court's instructions to the jurors included BAJI No. 3.75 (7th ed. 1986) as follows: "A proximate cause of injury, loss or harm is a cause which, in natural and continuous sequence, produces the injury, loss or harm and without which the injury, loss or harm would not have occurred."

The jury was given a special verdict form setting forth issues of negligence and comparative fault in eight questions extending across four pages. The first question asked, "Was the defendant negligent?" The jury answered "Yes." Question 2 asked, "Was the negligence of the defendant a proximate cause of injury to the plaintiff?" The jury answered "No." Pursuant to instructions on the verdict form, the jury did not answer any further questions.

Judgment was entered for respondent on October 2, 1991. Appellant's motions for judgment notwithstanding the verdict and for new trial were denied. A timely notice of appeal was filed on November 27, 1991.

## DISCUSSION

## I.

### *Proximate Cause*

Appellant contends that respondent's negligence was a proximate cause of appellant's injury as a matter of law. This argument calls for our

determining whether substantial evidence supported the jury's verdict for respondent. ■ In reviewing the evidence, we must presume the judgment is correct and that the jury drew all reasonable inferences in respondent's favor (*Mock* v. *Michigan Millers Mutual Ins. Co.* (1992) 4 Cal.App.4th 306, 322 [5 Cal.Rptr.2d 594]).

The jury found respondent was negligent. However, because it found his conduct was not a proximate cause of appellant's injuries, it found no liability. ■ "The breach of duty—the negligent act or omission—must be the 'proximate' cause . . . of the plaintiff's injury." (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 965, p. 354.) "The doctrine of proximate cause limits liability; i.e., in certain situations where the defendant's conduct is an actual cause of the harm, he will nevertheless be absolved because of the manner in which the injury occurred. Thus, where there is an independent intervening act which is not reasonably foreseeable, the defendant's conduct is not deemed the 'legal' or proximate cause." (*Id.*, § 968, p. 359.)

■ The first question for us to resolve is whether respondent's negligence was an actual cause or cause-in-fact of appellant's injuries. The Restatement of Torts sets forth a simple test for determining whether the cause-in-fact component of legal cause exists: Was the actor's conduct "a substantial factor in bringing about the harm[?]" (Rest.2d Torts, § 431, subd. (a).) Clearly, respondent's turning his truck into the path of Smith's vehicle was a substantial factor in causing the injuries suffered by Smith's passenger, appellant.

There remains the second part of legal cause: Is there a "rule of law relieving the actor from liability because of the manner in which his negligence has resulted in harm[?]" (Rest.2d Torts, § 431, subd. (b).) The question here becomes whether the jury could reasonably have found that there was an independent intervening act, one that respondent could not reasonably have foreseen, that absolved him of being a legal cause of appellant's injuries. Otherwise, respondent's negligence was a proximate cause as a matter of law.

We note the jury was severely handicapped in analyzing this issue because it was not instructed with BAJI No. 3.79, concerning supervening causes.[1] The instruction was not requested. The definition of proximate cause found in BAJI No. 3.75 renders only a cursory treatment of supervening cause in alerting that the injury must be produced "in the natural and continuous

---

[1] BAJI No. 3.79 (7th ed. 1986) provided at the time of trial:

"If you find that defendant [first actor] was negligent and that his negligence was a substantial factor in bringing about an injury to the plaintiff but that the immediate cause of

sequence," giving the jury a rudimentary basis for determining a cause-in-fact need not be a proximate cause.[2] Assuming the totality of the instructions gave the jury a sufficient basis to find a supervening cause, we need to analyze whether any substantial evidence supported a finding of supervening cause.

■ Under the theory of supervening cause, the chain of causation that would otherwise flow from an initial negligent act is broken when an independent act intervenes and supersedes the initial act.

" '[T]he general test of whether an independent intervening act, which operates to produce an injury, breaks the chain of causation is the foreseeability of that act.' [Citation.] However, as explained by our Supreme Court in *Akins* v. *County of Sonoma* (1967) 67 Cal.2d 185, 199 [60 Cal.Rptr. 499, 430 P.2d 57], the foreseeability test is twofold relating both to the act and the nature of harm suffered: '[W]here [an] injury was brought about by a later cause of independent origin . . . [the question of proximate cause] revolves around a determination of whether the later cause of independent origin, commonly referred to as an intervening cause, was foreseeable by the defendant or, if not foreseeable, whether it caused the injury of a type which was foreseeable. If *either* of these questions is answered in the affirmative, then the defendant is not relieved from liability towards the plaintiff; if however, it is determined that the intervening cause was not foreseeable *and* that the results which it caused were not foreseeable, then the intervening cause becomes a supervening cause and the defendant is relieved from liability for the plaintiff's injuries.' [Citations.]" (*Pappert* v. *San Diego Gas & Electric Co.* (1982) 137 Cal.App.3d 205, 210 [186 Cal.Rptr. 847].)

The question of foreseeability of result merely looks to the "likelihood of injury." (*Pappert* v. *San Diego Gas & Electric Co., supra*, 137 Cal.App.3d at

the injury was the negligent conduct of [a third person] [defendant second actor], the defendant [first actor] is not relieved of liability for such injury if:

"1. At the time of his conduct defendant [first actor] realized or reasonably should have realized that [a third person][defendant second actor] might act as he did; [or the risk of harm suffered was reasonably foreseeable]; or

"2. A reasonable person knowing the situation existing at the time of the conduct of the [third person][defendant second actor] would not have regarded it as highly extraordinary that the [third person] [defendant second actor] had so acted; or

"3. The conduct of the [third person] [defendant second actor] was not extraordinarily negligent and was a normal consequence of the situation created by defendant [first actor]."

[2]In *Mitchell* v. *Gonzales* (1991) 54 Cal.3d 1041 [1 Cal.Rptr.2d 913, 819 P.2d 872], decided after the trial of the case now before us, the Supreme Court disapproved BAJI No. 3.75, the proximate cause instruction given to the jury in the present case. After extensively reviewing published criticism of that instruction, the court concluded: "We believe the foregoing authorities properly criticize BAJI No. 3.75 for being conceptually and grammatically deficient. The deficiencies may mislead jurors, causing them. . . to focus improperly on the cause that is spatially or temporally close to the harm." (54 Cal.3d at p. 1052.)

p. 211.) "Neither the particular injuries sustained, the manner by which they were inflicted, nor the circumstances under which they were received are factors included within the foreseeability test. [Citation.]" (*Ibid.*)

 Here, the only possible intervening acts were (1) the dusty weather conditions, (2) appellant's alcohol consumption prior to the accident, (3) appellant's failure to wear a seat belt, and (4) Smith's excessive rate of speed.

The weather and road conditions were considerations for the jury in determining whether respondent was negligent in the first place. The reasonable prudence to be exercised by a driver in executing a left turn must take into account these conditions.

The fact appellant had been drinking is relevant only as to his ability to perceive the events to which he testified. (See discussion at pt. II, *post.*) Thus, this fact could not serve to absolve respondent of liability.

There was evidence presented that appellant's failure to wear a seat belt worsened his injuries. The foreseeability test clearly eliminates this act as a supervening cause because it is the general likelihood of the type of injury that must be unforeseeable in order to absolve defendant; the extent of injury need not be foreseeable.

Finally, there was evidence that Smith's speed was a cause of the accident; had Smith been driving at a safe speed, the accident would not have occurred. However, in order for respondent to be negligent in the first place under Vehicle Code section 21801 as it read at the time of the accident, he must have failed to yield to an approaching vehicle that was "so close as to constitute a hazard at any time during the turning movement." *Pappert* notes that if the likelihood a third person may act in a particular way is a hazard which makes the defendant negligent, the third person's act does not absolve defendant. (*Pappert* v. *San Diego Gas & Electric Co., supra,* 137 Cal.App.3d at p. 210, fn. 1.)

Here, respondent's turning into the lane is negligent because it created the risk of collision with oncoming traffic. This risk exists without factoring in any particular excessive speed of the oncoming traffic. A speeding oncoming vehicle acts to enhance the hazard created by respondent's negligence. Therefore, it cannot be said that Smith drove at an unsafe or excessive rate of speed such that Smith's conduct superseded respondent's negligence. Evidence here that, had he been traveling 35 miles per hour (or even slower) instead of 40 or 50 miles per hour, Smith would have had time to stop without colliding with respondent's vehicle does not alter our conclusion.

Moreover, in order for any of the acts of others to absolve defendant of liability, those acts collectively or any one of them would need to assume the role of the sole proximate cause to the entire exclusion of respondent's negligence. Concurrent negligence may exist, causing several parties to share in liability. (See 6 Witkin, Summary of Cal. Law, *supra*, Torts, § 970, p. 360.) Based upon the above discussion, we conclude that respondent's negligence was a proximate cause of the accident and plaintiff's injuries. Whether there are concurring causes that may end up sharing in the determination of liability is a matter to be determined by retrial on remand.

Having found the jury's verdict is not supported by substantial evidence, we further note an inconsistency that buttresses our conclusion. BAJI No. 3.45 (1988 rev.), as given, provides, "If you find that a party to this action violated either or both statutes just read to you *and that such violation was a proximate cause of injury to another or to himself, you will find that such violation was negligence.*" (Italics added.) A finding of negligence per se would indeed conflict with a subsequent finding pursuant to BAJI No. 3.75 that the negligence was not a proximate cause of plaintiff's injury. Although the jury was also instructed in general negligence under BAJI No. 3.10, our review of the record indicates that any finding of general negligence under the existing facts would necessarily have subsumed within it a finding that respondent violated Vehicle Code section 21801 in the course of making his left turn. We say this because all of the evidence admitted regarding respondent's conduct focuses on his placing his vehicle in the path of the oncoming traffic when a reasonably prudent person would not have done so.

## II.

### *Evidence Code Section 352*

■ Appellant additionally argues that the trial court erred in admitting evidence that appellant told his treating physician that he had three beers before the accident. Appellant says this evidence was irrelevant, and should have been excluded pursuant to Evidence Code section 352 even if it was relevant. We address this issue to assist the court and the parties on remand.

The evidence clearly was relevant. (Evid. Code, § 210.) Appellant was an eyewitness to the accident, and testified in some detail concerning the manner in which the accident and his resulting injury happened. His ability to perceive was an obvious issue.

The evidence was not unduly prejudicial. Implicitly, appellant contends that despite a plethora of evidence that *Smith* had not used alcohol before he

drove the pickup truck, the jury might have concluded otherwise if it found that *appellant* had been drinking. Such speculation is insufficient to demonstrate that the trial court abused its broad discretion in denying appellant's Evidence Code section 352 motion. (Cf. *People* v. *Phillips* (1981) 122 Cal.App.3d 69, 87 [175 Cal.Rptr. 703].)

### DISPOSITION

The judgment is reversed and remanded for further proceedings consistent with the views expressed herein. Appellant is awarded costs on appeal.

Ardaiz, Acting P. J., and Brown (G. A.), J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.